# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| CAROL WILKERSON, | |
| Plaintiff, | CIVIL ACTION NO.: 6:16-cv-55 |
| v. | |
| LANGSTON CHAPEL MIDDLE SCHOOL; BONNIE RUTH GAMBLE HILTON; BULLOCH COUNTY SHERIFF'S OFFICE; and STATESBORO HERALD NEWSPAPER, | |
| Defendants. | |

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed a Complaint in this action, *pro se*, pursuant to 42 U.S.C. § 1983 contesting certain actions taken by the above-named Defendants. (Doc. 1.) Concurrent with her Complaint, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis*. (Doc. 2.) For the reasons set forth below, Plaintiff has failed to set forth a claim upon which relief may be granted. Consequently, the Court **DENIES** Plaintiff's Motion for Leave to Proceed *in forma pauperis*, (doc. 2), and **DISMISSES as moot** Plaintiff's Motion for Evidentiary Hearing, (doc. 4). Additionally, I **RECOMMEND** that the Court **DISMISS** this action and **DENY** Plaintiff leave to appeal *in forma pauperis*.

## BACKGROUND

Plaintiff alleges that on October 15, 2015, Defendants "committed defamation of my character by stating and publishing false statements about me in the Statesboro Herald." (Doc. 1, p. 3.) On October 14, 2015, Plaintiff went to Langston Chapel Middle School to get a copy of her niece's registration form. Defendant Hilton then called the Bulloch County Sheriff's Office

regarding Plaintiff allegedly "for no reason stating that she is criminally trespass [sic] and is disrupting the school." (Id. at p. 4.) Plaintiff states that, because she enrolled her niece in the school, she was not trespassing. (Id.) Rather, Plaintiff contends that Defendant Hilton and Langston Chapel Middle School "committed a crime" by releasing her niece to the child's mother and father without Plaintiff's permission. (Id.) Plaintiff further contends that the Bulloch County Sheriff's Office then passed the "false report … slandering Plaintiff's good name and reputation" on to the Statesboro Herald newspaper which published a report, "subject[ing] Plaintiff to public judgement [sic] and cruelty." (Id.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of her assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that she is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii); Grayson v. Mayview State Hosp., 293 F.3d 103, 113 n.19 (3d Cir. 2002) (non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)"); Dutta-Roy v. Fain, No. 1:14-CV-280-TWT, 2014 WL 1795205, at *2 (N.D. Ga. May 5, 2014) (frivolity review of indigent non-prisoner plaintiff's complaint).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set

2

of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We

have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I. Denial of Leave to Procced *in Forma Pauperis* and Dismissal of Complaint for Failure to State a Claim

Plaintiff's Complaint does not state a claim upon which this Court can grant relief. "Federal courts are courts of limited jurisdiction, and they only possess the power authorized by Congress or the Constitution." Stone v. Bank of New York Mellon, N.A., 609 F. App'x 979, 981 (11th Cir. 2015). This Court only has jurisdiction over claims involving a federal question or claims involving parties who are citizens of different states. See 28 U.S.C. §§ 1331 & 1332. The factual allegations in the Complaint do not invoke any federal law that could give the Court jurisdiction over this action, and Plaintiff does not allege that the parties involved are citizens of different states. Instead, Plaintiff's claims largely circle on state tort claims—such as slander and defamation—that should be asserted in state court. Consequently, Plaintiff does not cite any basis for this Court to exercise jurisdiction over this case.

For all of these reasons, the Court **DENIES** Plaintiff's Motion for Leave to Proceed *in forma pauperis* in this Court, and I **RECOMMEND** that the Court **DISMISS** this action for failure to state a claim.

### II. Denial of Leave to Appeal *in forma pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has, of course, not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See FED. R. APP. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

4

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, the Court **DENIES** Plaintiff's Motion for Leave to Proceed *in forma pauperis*. In addition, I **RECOMMEND** that the Court **DISMISS** this action, without prejudice, and that the Clerk of Court be directed to enter the appropriate judgment of dismissal and to **CLOSE** this case. I further recommend that the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the undersigned failed to address any

contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). Objections to a Report and Recommendation are not the proper vehicle to raise issues and arguments not previously brought before the Court. A copy of the objections must be served upon all other parties to the action. Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge.

**SO ORDERED**, this 11th day of July, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA