IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| CAROL WILKERSON,<br><br>v.<br><br>LANGSTON CHAPEL MIDDLE SCHOOL;<br>BONNIE RUTH GAMBLE HILTON;<br>BULLOCH COUNTY SHERIFF'S OFFICE;<br>and STATESBORO HERALD NEWSPAPER, | CASE NO.: 6:16-cv-55 |

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's July 11, 2016, Report and Recommendation, (doc. 5), to which Plaintiff has filed an Objection, (doc. 7). For the reasons set forth below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court and **OVERRULES** Plaintiff's Objections.

In this action, Plaintiff contends that Defendants, a local school, an individual, a sheriff's office, and a newspaper, disseminated false information about her. The Magistrate Judge explained, in his Report and Recommendation, that the Court does not have jurisdiction over this case because Plaintiff's claims do not involve a federal question or a dispute between citizens of different states. (Doc. 5, p. 4 (citing 28 U.S.C. §§ 1331 & 1332).)

In her Objection, Plaintiff argues that her Complaint does contain a federal claim because Defendants violated 5 U.S.C. § 552a, the Federal Privacy Act. Id. at p. 1. The Privacy Act "imposes upon federal agencies an array of record-keeping obligations to prevent unauthorized disclosures of confidential information." Speaker v. U.S. Dep't of Health and Human Servs.

Ctrs. for Disease Control and Prevention, 623 F.3d 1371, 1381 (11th Cir. 2010). As a corollary, however, the private right of action created by the Privacy Act only applies to federal agencies. See Schwier v. Cox, 340 F.3d 1284, 1287 (11th Cir. 2003); 5 U.S.C. § 551 (defining "agency" as "each authority of the Government of the United States"; 5 U.S.C. § 552(f)(1) (further defining "agency" as it applies to United States Government authorities). Plaintiff cannot invoke the Privacy Act as a basis for jurisdiction in this case, because none of the Defendants in this case are "agencies," as defined by the Privacy Act. See, Study v. United States, No. 3:08CV493, 2010 WL 1257655, at *4 (N.D. Fla. Mar. 4, 2010) (plaintiff cannot bring privacy act claim against local law enforcement agencies and officials for disseminating allegedly false information because defendants were not federal agencies).

Plaintiff has failed to state a plausible basis for this Court to exercise jurisdiction over her claims. Therefore, the Court, **DISMISSES** Plaintiff's Complaint and **DENIES** Plaintiff leave to appeal *in forma pauperis*. The Clerk of Court is **DIRECTED** to enter the appropriate judgment of dismissal and to **CLOSE** this case.

**SO ORDERED**, this 17th day of August, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA